# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>         Plaintiff,<br><br>v.<br><br>TIP TOP CAPITAL, INC.,<br><br>         Defendant. | Case No.: 24-CV-169 JLS (AHG)<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING REGARDING MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 8) |

Presently before the Court is Plaintiff Anton A. Ewing's Motion for Default Judgment and Request to Depose Non-Responding Defendant ("Mot.," ECF No. 8). Noting Defendant Tip Top Capital, Inc. had not filed an opposition to the Motion as required by Civil Local Rule 7.1(e)(2), the Court previously took the Motion under submission without oral argument. *See* ECF No. 9.

Plaintiff initiated the instant case pro se on January 24, 2024. His Complaint ("Compl.," ECF No. 1) alleges violations of the federal Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227) and California's Consumer Information Privacy Act ("CIPA") (Cal. Pen. Code §§ 632.7, 637.2).[1] Compl. at 1. On March 7, Plaintiff filed a

---

[1] The Complaint contains a third cause of action for the violation of California's Consumer Legal Remedies Act ("CLRA"). The Motion, however, does not reference this CLRA claim—let alone address why default judgment on that claim is warranted—apart from stating it exists. *See* Mot. at 5.

Proof of Service of Summons ("Proof of Service," ECF No. 5), stating Defendant was personally served on February 10 in New Jersey. Proof of Service at 1.[2] Plaintiff then filed a Request for Entry of Default on March 11, and the Clerk entered the default four days later. *See* ECF Nos. 6, 7. The instant Motion followed on May 23.

The Court must confirm it has subject matter and personal jurisdiction before determining whether to enter a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Plaintiff carries the burden of establishing jurisdiction. *See, e.g.*, *Jackson v. Red Rock Credit Sols., LLC*, No. 22-CV-04471-AGT, 2023 WL 5663218, at *1 (N.D. Cal. Aug. 30, 2023). The Court's subject matter jurisdiction is easily confirmed,[3] leaving only personal jurisdiction.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Pursuant to Federal Rule of Civil Procedure 4(h)(1), a corporation within a judicial district of the United States may be served either (A) by following state law for service of process on an individual in the state where the district court is located or the state where service is made; or (B) "by delivering a copy of the summons and of the complaint to an officer . . . or any other agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(h)(1)(A)–(B).

Because Plaintiff brought this action in the Southern District of California and attempted service on Defendant in New Jersey, he can satisfy Rule 4(h)(1)(A) by complying with the law of either the Golden or Garden State. In California, a corporation

---

[2] Pin citations to the Proof of Service refer to the page numbers electronically stamped across the top margins of the document by this District's CM/ECF system.

[3] The Court has federal question jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. And, as the Complaint's causes of action all arise from the same alleged phone calls and text messages, the Court has supplemental jurisdiction over Plaintiff's CIPA claim by way of 28 U.S.C. § 1367(a). *See, e.g.*, *Ewing v. Flora*, No. 14CV2925 AJB (NLS), 2015 WL 12564225, at *3 (S.D. Cal. Mar. 25, 2015) (finding "exercise of supplemental jurisdiction over Plaintiff's CIPA claim . . . appropriate" where the TCPA provided an "independent basis for federal jurisdiction").

may be served by delivering copies of the summons and complaint "[t]o the person designated as agent for service of process" or "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(a)–(b). Similarly, New Jersey allows for service on a corporation by delivering copies of the summons and the complaint to "any officer, director, trustee or managing or general agent, or any person authorized . . . to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." N.J. Ct. R. R. 4:4-4(a)(6).

The Court cannot conclude Plaintiff properly served Defendant under the law of either state. The Proof of Service states the Summons and Complaint were personally served on Defendant on February 10, 2024, at 12 Pine Road in Roseland, New Jersey.[4] Proof of Service at 1. In items 3(b) and 5(a), the Proof of Service specifies the documents were delivered to someone authorized to receive service on Defendant's behalf. *Id.* But the Proof of Service fails to identify said recipient, even though the form requests this information.[5] The Court is thus unable to determine whether service was effective under Rule 4(h)(1)(A) (i.e., delivered to an appropriate representative of Defendant). *See, e.g., Best Int'l Trading, Inc. v. JMart Brooklyn*, No. 2:23-CV-05716-MCS-JPR, 2024 WL 1600334, at *2 (C.D. Cal. Mar. 5, 2024) (explaining court lacked sufficient information to determine whether service on a corporation was effective under California or New Jersey law because "Plaintiff's proof of service d[id] not identify any person authorized to be served on behalf of Defendant").

---

[4] Notably, the New Jersey address listed in the Proof of Service does not appear in the Complaint, and the record does not make clear what relationship—if any—exists between this address and Defendant.

[5] Item 3(b) of the Proof of Service requires the serving party to state the name of the individual authorized to receive service on behalf of Defendant and the relationship between said individual and Defendant. Plaintiff's process server left this question blank.

For the same reason, Plaintiff has not established compliance with Rule 4(h)(1)(B). *See, e.g.*, *Dean v. Edison*, No. CV ED-12-01435-MWF (DTBx), 2013 WL 12139830, at *3 (C.D. Cal. Dec. 3, 2013) (finding proof of service defective for purposes of Rule 4(h)(1)(B) as it "d[id] not indicate the name of the person served"); *Dytch v. Bermudez*, No. 17-CV-02714-EMC, 2018 WL 2230945, at *3 n.2 (N.D. Cal. May 16, 2018) ("Courts are . . . wary of proofs of service that do not identify on whom service was made because 'if no . . . receiving individual is specified . . . , a movant [to set aside default judgment] has little or no basis on which to challenge the alleged service of process.'" (second and fourth alterations in original) (quoting *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005))).

Accordingly, within twenty-one (21) days of the date of this Order, Plaintiff **SHALL FILE** (1) supplemental briefing and/or evidence regarding whether service of process was proper in this case; or (2) a motion for an extension of time to serve Defendant if he concedes his original service attempt was ineffective. The Court will rule on Plaintiff's Motion after he has complied with this Order. ***Plaintiff is advised that failure to provide a timely response to this Order may result in the dismissal of this action.***

**IT IS SO ORDERED.**

Dated: June 25, 2024

Hon. Janis L. Sammartino
United States District Judge